Mr. Justice Day
delivered the opinion of the Court.
Because it no longer requires citation of authority for the proposition that all matters well-pleaded in a complaint are taken to be true, the sole question presented on this writ of error is whether the claim of the plaintiffs in error, as set out in five different counts in the complaint, was vulnerable to a motion to dismiss. The trial court ruled that the plaintiffs in error, plaintiffs below, failed to state a claim upon which relief could be granted. The judgment of dismissal is sought to be reversed here.
We- hold that the trial court was in error. Plaintiffs in error seek the recovery of $15,000. They have alleged in their complaint that one of the defendants in error, the Peoples Bank of Aurora, without authority, permitted the other two defendants in error, the Babsons, to withdraw the sum of $15,000 out of an account which at the time of the withdrawal was still under the control of the Brices, who, it is alleged, were the only persons authorized to draw on such account on that particular date. If the evidence establishes these facts to be true, it would appear, at least on the face of the complaint, in the absence of any answer or other de *327 fenses available to the bank, that the plaintiffs in error could recover from the bank. In Henderson v. Greeley National Bank, 111 Colo. 365, 142 P.2d 480, this court said:
“A complaint for damages, in which it is alleged that the defendant, a banking institution, disbursed funds of the complaining depositor without authority and contrary to his expressed instructions, states a cause of action.”
 In addition, there are other counts in the complaint which, if true, would make the Babsons accountable to Apex and the Brices for the $15,000. One of the claims is that the Babsons converted money belonging to the Apex corporation to their own use and to pay a personal obligation on a stock purchase agreement. The other claim is for money had and received. Restoration from the Babsons of this cash asset of Apex Investments, Inc. back to the corporation would be the appropriate relief under these two claims if the evidence sustained the allegations.
The fifth claim is for damages in the amount of $15,000 for breach of contract. While it is true that the same $15,000 is involved in each of the claims and that Apex and the Brices can only recover that amount, under R.C.P. Colo. 8(e) (2), plaintiffs may state as many separate claims as they have regardless of their consistency and whether based on legal or equitable grounds or on both. The evidence will determine the appropriate relief to be granted.
The judgment is reversed and the cause remanded to the trial court to reinstate the complaint and for further proceedings consonant with the views expressed herein.
Mr. Chief Justice Moore not participating.